ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| PIKE PUERTO RICO, INC.<br><br>Apelante<br><br><br>v.<br><br><br>MUNICIPIO DE BAYAMÓN: MUNICIPIO DE TRUJILLO ALTO; MUNICIPIO DE RÍO GRANDE<br><br>Apelados | KLAN202400411 | *APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br><br> Caso Civil Núm. CA2019CV01847 Sala 906<br><br><br>Sobre:<br><br>Impugnación de Patentes |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Ramos

**Rivera Pérez, Jueza Ponente**


**SENTENCIA**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece la parte demandante-apelante Pike Puerto Rico, Inc. (en adelante, Pike Puerto Rico) mediante un recurso de *Apelación*. Nos solicita la revisión de la *Sentencia* dictada el 23 de febrero de 2024 y notificada el 26 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI).[1] Mediante este dictamen, el foro primario declaró Ha Lugar la *Moción Conjunta en Solicitud de Sentencia Sumaria*[2] presentada por los Municipios de Bayamón, Trujillo Alto y Río Grande (en adelante, parte demandada-apelada). En consecuencia, desestimó la *Demanda Enmendada*[3] presentada por Pike Puerto Rico contra dichas entidades administrativas.

---

[1] Apéndice de la *Apelación*, págs. 1982-1987.
[2] Apéndice de la *Apelación*, págs. 1878-1919.
[3] Apéndice de la *Apelación*, págs. 81-177.

Número Identificador
SEN2024_____

Por los fundamentos que expondremos, se desestima el presente recurso de *Apelación* por falta de jurisdicción.

**I**

En el 2019, los Municipios de Bayamón, Trujillo Alto, Carolina, Loíza, San Juan, Gurabo, Dorado y Canóvanas le remitieron a Pike Puerto Rico notificaciones preliminares y finales de deficiencias en el pago de patentes municipales para el año fiscal 2017-2018, conforme a la Ley Núm. 113 de 10 de junio de 1974, según enmendada, conocida como *Ley de Patentes Municipales*, 21 LPRA ant. sec. 651 *et seq.*[4] Las deficiencias notificadas consistían en no haber pagado patentes municipales sobre el volumen de los negocios realizados dentro de sus límites territoriales.

En desacuerdo, el 24 de mayo de 2019, Pike Puerto Rico presentó ante el TPI una demanda[5] en contra de estos Municipios impugnando las referidas notificaciones de deficiencias bajo el fundamento de que no tuvo presencia física dentro de su demarcación territorial para el año fiscal 2017-2018. Según afirmó, únicamente tuvo presencia física a través de oficinas en el Municipio de Canóvanas, donde radicó la declaración y emitió el pago de patentes correspondiente.

El 12 de junio de 2019, Pike Puerto Rico presentó una *Demanda Enmendada* para incluir al Municipio de Río Grande como parte demanda en el caso[6] y, el 16 de agosto de 2019, presentó una *Segunda Demandada Enmendada* para incluir al Municipio de Fajardo.[7] En su reclamación, Pike Puerto Rico alegó, en síntesis, que era una corporación organizada bajo las leyes del estado de Carolina del Norte debidamente autorizada para hacer

---

[4] Esta Ley fue derogada y sustituida por la Ley Núm. 107-2020, según enmendada, conocida como *"Código Municipal de Puerto Rico"*, 21 LPRA sec. 7001 *et seq.*

[5] Apéndice de la *Apelación*, págs. 1-80.

[6] Apéndice de la *Apelación*, págs. 81-177.

[7] Apéndice de la *Apelación*, págs. 243-352.

negocios en Puerto Rico y que, el 18 de octubre de 2017, fue subcontratada por Fluor Entreprises, Inc. para brindarle apoyo a la Autoridad de Energía Eléctrica y al Cuerpo de Ingenieros del Ejército de los Estados Unidos en la restauración de la infraestructura eléctrica y energética de Puerto Rico luego del paso de los huracanes Irma y María. Además, alegó que estuvo exento del pago de patentes municipales durante los primeros seis (6) meses de operación en Puerto Rico; que, del 23 de octubre de 2017 hasta al 30 de diciembre de 2017, operó desde un hotel en el Municipio de Río Grande, donde no tuvo que pagar impuestos de patentes municipales porque aún gozaba de dicha exención; y que, desde el 31 de diciembre de 2017 hasta que cesó sus operaciones en Puerto Rico el 20 de marzo de 2018, tuvo presencia física a través de oficinas en el Municipio de Canóvanas, donde sí radicó la declaración y emitió el pago de impuestos de patentes correspondiente. Según afirmó, desde el Municipio de Canóvanas, "dirigió toda la labor llevada a cabo en el Sistema Eléctrico como subcontratista, según le asignara Fluor."[8]

Como remedio, Pike Puerto Rico solicitó en la demanda que se dejaran sin efecto las notificaciones finales y preliminares remitidas por los Municipios demandados, excepto las del Municipio de Canóvanas; que se expidiera un *injunction* requiriéndole a los Municipios que le remitieron notificaciones preliminares de abstenerse de continuar los procedimientos administrativos hasta que culminara el proceso judicial de este caso; que se dictara una sentencia declaratoria decretando que, conforme a la Ley Núm. 113 de 10 de julio de 1974, *supra*, la imposición del impuesto de patentes requería lo siguiente:

"[Q]ue el presunto contribuyente tenga o haya tenido presencia física dentro de los límites territoriales del municipio que impone el pago del impuesto por

---
[8] Véase, Apéndice de la *Apelación*, pág. 251.

patente municipal. Si el presunto contribuyente no tiene ni tuvo presencia física dentro de los límites territoriales del municipio impositor, la notificación de deficiencia de impuesto por patente municipal carece de validez legal. La reconstrucción, sin "presencia física" dentro del municipio impositor es insuficiente bajo la Ley 113 para requerir el pago de impuestos por patente municipal."[9]

Además, en contra del Municipio de Canóvanas, Pike Puerto Rico alegó y solicitó lo siguiente:

"75. Según indicado anteriormente, Pike mantuvo presencia física sujeta al pago de patente municipal en el Municipio de Canóvanas y oportunamente presentó la correspondiente Declaración de Volumen de Negocio al Municipio de Canóvanas y pagó el impuesto aplicable ascendente a **$598,918.00**. [...].
76. En caso de que este Honorable Tribunal determinara que los demás municipios Demandados en efecto tienen el poder delegado por la Legislatura de Puerto Rico a través de la Ley 113 para imponerle a Pike el pago de patente municipal, a pesar de ésta no mantener presencia física en esos municipios, entonces Pike pagó al Municipio de Canóvanas más de lo que debió haber pagado.
77. En tales circunstancias, Pike tiene derecho a solicitar el reembolso de cualquier exceso de impuestos por patente municipal pagado al Municipio de Canóvanas.
78. En la alternativa, el Municipio de Canóvanas tendría que pagar a los demás municipios Demandados la porción que les corresponda a éstos del impuesto por patente municipal ya pagado por Pike al Municipio de Canóvanas por la cantidad de $598,918.00.

[...]

d. En caso de que este Honorable Tribunal determine que los otros municipios Demandados tienen autoridad legal delegada por la Ley 113 para requerirle a Pike el pago de impuestos por patente municipal, Pike solicita de este Honorable Tribunal que le ordene al Municipio de Canóvanas que le reembolse cualquier impuesto pagado en exceso o que le ordene al Municipio de Canóvanas a pagar a prorrata a los otros municipios Demandados la porción que les corresponda del impuesto pagado por Pike al Municipio de Canóvanas."[10] (énfasis en el original).

El 21 de septiembre de 2020, el TPI dictó y notificó una *Sentencia Parcial*,[11] mediante la cual desestimó la demanda en cuanto a los Municipios de Carolina, San Juan, Dorado, Fajardo,

---

[9] Véase, Apéndice de la *Apelación*, pág. 269.
[10] Véase, Apéndice de la *Apelación*, págs. 260 y 269-270.
[11] Apéndice de la *Apelación*, págs. 427-440.

Loíza, Gurabo y Canóvanas por falta de jurisdicción al concluir que sus notificaciones de deficiencia no eran finales, por lo que los procedimientos administrativos ante estos municipios no habían culminado. Así las cosas, los Municipios de Bayamón, Trujillo Alto y Río Grande presentaron sus contestaciones a la demanda el 14 de octubre de 2020, el 16 de octubre de 2020 y el 12 de noviembre de 2020, respectivamente.[12]

Luego de múltiples trámites procesales, el 31 de marzo de 2023, Pike Puerto Rico presentó una *Solicitud de Sentencia Sumaria*,[13] a la cual se opusieron los Municipios de Bayamón, Trujillo Alto y Río Grande mediante una *Moción Conjunta en Oposición a "Solicitud de Sentencia Sumaria" [SUMAC 320] y en Solicitud para que se Dicte Sentencia Sumaria a Favor de los Municipios Codemandados* presentada el 2 de mayo de 2023.[14]

El 21 de febrero de 2024, se celebró la *Vista Argumentativa*[15] para discutir estas mociones y, el 23 de febrero de 2024, notificada el 23 de febrero de 2024, el TPI dictó la *Sentencia*[16] apelada declarando Ha Lugar la *Moción Conjunta en Solicitud de Sentencia Sumaria*[17] presentada por los Municipios de Bayamón, Trujillo Alto y Río Grande. En consecuencia, se desestimó la demanda presentada por Pike Puerto Rico contra dichas entidades administrativas. En síntesis, el TPI concluyó y resolvió que Pike Puerto Rico tuvo presencia física en los Municipios demandados a través de las obras de restauración del servicio y/o infraestructura del sistema eléctrico realizadas dentro de sus límites territoriales, por lo que dichas entidades administrativas podían imponerles impuestos por patentes municipales al amparo de la Ley Núm. 113 de 10 de julio de 1974, *supra*.

---

[12] Apéndice de la *Apelación*, págs. 459-469, 470-491 y 492-508.
[13] Apéndice de la *Apelación*, págs. 427-440.
[14] Apéndice de la *Apelación*, págs. 1878-1919.
[15] Apéndice de la *Apelación*, págs. 1980-1981.
[16] Apéndice de la *Apelación*, págs. 1982-1987.
[17] Apéndice de la *Apelación*, págs. 1878-1919.

Además, y en lo pertinente a la controversia ante nuestra consideración, el TPI dispuso lo siguiente:

> "Habiéndose determinado que los municipios demandados tienen autoridad en ley para imponer el cobro de las patentes que fueron impugnadas por Pike, y toda vez que Pike se negó a proveer información sobre sus operaciones y volumen de negocios durante el trámite administrativo ante los municipios demandados, **se ordena a las partes a retomar y culminar los procedimientos administrativos de manera que los municipios de Bayamón, Trujillo Alto y Río Grande puedan calcular y establecer con certeza el volumen de negocios que cada uno de estos debe utilizar como base para computar las respectivas deficiencias contributivas de Pike – de una manera que se ajuste a las disposiciones de la Ley de Patentes Municipales.**"[18] (énfasis suplido).

El 12 de marzo de 2024, Pike Puerto Rico presentó una *Moción de Reconsideración a Sentencia*,[19] la cual fue declarada No Ha Lugar por el TPI mediante la *Resolución*[20] emitida el 20 de marzo de 2024 y notificada el 21 de marzo de 2024.

Así las cosas, el 15 de abril de 2024, los Municipios de Bayamón, Trujillo Alto y Río Grande presentaron una *Moción Conjunta sobre Certificación de Deuda Contributiva Municipios Conforme Sentencia Dictada.*[21] A la moción se anejaron certificaciones de deudas suscritas por los respectivos Directores de Finanzas de estos Municipios.

En esa misma fecha y en atención a esta moción, el TPI emitió y notificó una *Orden*, mediante la cual dispuso lo siguiente:

> "Nada que proveer en este momento. Se hace constar que la actualización provista por los municipios no se ajusta a, ni es cónsona con, lo ordenado en la *Sentencia*."[22]

---

[18] Apéndice de la *Apelación*, pág. 1987. Además, se declaró No Ha Lugar "la solicitud de los referidos municipios para que se le imponga a Pike el pago de las penalidades estatuidas en las Secciones 22 y 25 de la Ley de Patentes Municipales, 21 L.P.R.A. §§ 651u y 651x". *Íd.*
[19] Apéndice de la *Apelación*, págs. 1988-2011.
[20] Apéndice de la *Apelación*, págs. 2021-2022.
[21] Apéndice de la *Apelación*, págs. 2023-2029.
[22] Apéndice de la *Apelación*, págs. 2030-2031.

El 25 de abril de 2024, Pike Puerto Rico acudió ante nos mediante el presente recurso de *Apelación,* en el cual señala la comisión de los errores siguientes:

**Primer Error:** La Ley de Patentes y su jurisprudencia interpretativa exigen que una persona tenga presencia física a través de establecimiento comercial u oficina en el municipio que pretende imponer el pago de patentes.

**Segundo Error:** La reparación de tendido eléctrico efectuada por Pike no puede ser considerada una oficina u establecimiento comercial bajo la Sección 3 de la Ley de Patentes Municipales.

**Tercer Error:** Si el TPI entendía que en el caso de autos existía algún tipo de deficiencia, venía obligado a determinar en su Sentencia el volumen de negocios atribuible a los municipios demandado, si alguno, a base de la prueba presentada ante su consideración.

El 17 de mayo de 2024, los Municipios de Bayamón, Trujillo Alto y Río Grande presentaron una *Moción de Desestimación de Recurso de Apelación por Falta de Jurisdicción.* En síntesis, los Municipios apelados alegaron que carecíamos de jurisdicción para atender el presente recurso de apelación en sus méritos debido a que Pike Puerto Rico no pagó la totalidad de la deficiencia determinada dentro del término para apelar la sentencia del TPI, conforme se exige en la Sección 16(b)(2) de la Ley Núm. 113 de 10 de junio de 1974, *supra.*

El 30 de mayo de 2024, Pike Puerto Rico presentó su *Oposición A Moción de Desestimación de Recurso de Apelación por Falta de Jurisdicción.* En su escrito en oposición presentado por Pike Puerto Rico admite que el foro primario no emitió un cálculo de determinación de deficiencia final de patente en el caso. Además, los apelantes sostienen que el procedimiento ante el TPI fue un juicio de *novo* y hacen referencia a que medió ausencia de prueba respecto a las presuntas deficiencias, asunto que versa sobre los méritos de la apelación.

Así, contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A.**

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). Cuando no tenemos jurisdicción para atender un asunto, sólo podemos así declararlo y desestimar el recurso. La falta de jurisdicción de un tribunal es un defecto procesal insubsanable. *Íd.*

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.*

La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

De conformidad con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos autoriza a desestimar un recurso, a solicitud de parte o a iniciativa propia, cuando carecemos de jurisdicción para atender el mismo en sus méritos.

**B.**

La Ley Núm. 113 de 10 de junio de 1974, *supra*, autorizaba a las legislaturas municipales de Puerto Rico a imponer y cobrar patentes, de acuerdo con las disposiciones de esta ley, a toda persona dedicada a la prestación de cualquier servicio, o a la venta de cualquier bien, negocio financiero o cualquier industria o negocio. Véase, Secciones 3-5 de la Ley Núm. 113 de 10 de junio de 1974, *supra*.

En lo pertinente al recurso ante nuestra consideración, la sección 16(a)(2) de la Ley Ley Núm. 113 de 10 de junio de 1974, *supra*, dispone que, cuando una persona no estuviere conforme con una determinación final de deficiencia notificada por el Director de Finanzas del Municipio:

> "[D]icha persona podrá recurrir contra esa determinación ante el Tribunal de Primera Instancia, radicando demanda en la forma provista por ley dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación de la determinación final, previa prestación de fianza a favor del Director de Finanzas, ante éste, y sujeta a su aprobación por el monto expresado en la mencionada notificación de la determinación final; Disponiéndose, sin embargo, que la persona podrá pagar la parte de la patente con la cual estuviere conforme y litigar el resto, **en el cual caso la fianza no excederá del monto de la patente que se litigue**, más los intereses sobre la deficiencia computados en la forma provista en el párrafo (1). [...] **Salvo lo de otro modo dispuesto en este párrafo, tanto la prestación de la fianza por el monto expresado por el Director de Finanzas en la notificación de la determinación final como la radicación de la demanda en el Tribunal de Primera**

**Instancia, ambas cosas dentro del término anteriormente provisto, serán requisitos sin el cumplimiento de los cuales el Tribunal de Primera Instancia no podrá conocer el asunto**." (Énfasis suplido.)

De otra parte, la Sección 16(a)(9) de la Ley Núm. 113 de 10 de junio de 1974, *supra,* dispone lo siguiente:

"(9) Las sentencias finales del Tribunal de Primera Instancia dictadas en los méritos de la deficiencia podrán ser apeladas al foro apelativo [...] debiendo hacerse tal apelación en la forma y dentro del término provisto por las reglas adoptadas para tales fines, con sujeción, además, a los requisitos impuestos por el inciso (b) de esta sección. **En los casos que la sentencia del Tribunal de Primera Instancia determine que existe una deficiencia, se ordenará la radicación de un cómputo de la patente y dicha sentencia no se considerará final, y el término apelativo no comenzará a contar para las partes sino a partir de la fecha del archivo en autos de la notificación a la persona y al Director de Finanzas de la resolución del Tribunal de Primera Instancia aprobado el cómputo de la patente determinada por dicho tribunal.**" (Énfasis suplido.)

A su vez, la Sección 16(b) de la Ley Núm. 113 de 10 de junio de 1974, *supra,* dispone lo siguiente:

"(b) *Cobro de la deficiencia después de recurso ante el Tribunal de Primera Instancia.—*
(1) *Regla general.—* Si la persona recurriere ante el Tribunal de Primera Instancia contra una determinación final de deficiencia y dicho tribunal dictare sentencia declarándose sin facultad para conocer del asunto o determinando que existe una deficiencia, **la deficiencia final determinada por el Director de Finanzas o la deficiencia determinada por el tribunal, según fuere el caso, será tasada una vez que la sentencia sea firme y deberá pagarse mediante notificación y requerimiento del Director de Finanzas. Ninguna parte de la cantidad determinada como deficiencia por el Director de Finanzas, pero rechazada como tal por decisión firme del Tribunal de Primera Instancia, será tasada o cobrada mediante procedimiento de apremio o mediante procedimiento en corte con o sin tasación.**
(2) *En caso de apelación.—* **Cuando una persona apelare de la sentencia del Tribunal de Primera Instancia determinando una deficiencia, vendrá obligada a pagar la totalidad de la deficiencia así determinada dentro del término para apelar, y el incumplimiento de dicho requisito de pago, excepto como se dispone más adelante en los párrafos (3) y (4), privará al foro apelativo [...] de facultad para conocer de la apelación en sus méritos.** Si el foro apelativo resolviere que no existe la

deficiencia determinada por el Tribunal de Primera Instancia o parte de la misma, y la persona hubiere pagado total o parcialmente dicha deficiencia al apelar, el Director de Finanzas procederá a reintegrarle con cargo a cualesquiera fondos disponibles en el municipio, la cantidad que procede de conformidad con la sentencia del foro apelativo, más intereses al seis por ciento (6%) anual sobre el monto a reintegrarse computados desde la fecha del pago. Si el Director de Finanzas apelare de la sentencia del Tribunal de Primera Instancia determinando que no existe deficiencia en todo o en parte, o si habiendo apelado la persona ésta no hubiere pagado la totalidad de la patente, en cualquiera de dichos casos en que la sentencia del foro apelativo fuere favorable al Director de Finanzas, la deficiencia determinada en apelación, o la parte de la misma no pagada, será tasada y deberá pagarse mediante notificación y requerimiento del Director de Finanzas.

(3) En el caso de una persona que apelare de la sentencia del Tribunal de Primera Instancia determinando una deficiencia y no pudiere cumplir con el requisito del pago de la deficiencia, o sólo pudiere pagar parte de la deficiencia, el Tribunal de Primera Instancia podrá ordenar, siempre que la apelación envuelva una cuestión sustancial y con sujeción a lo que más adelante se dispone, que la apelación siga su curso hasta la disposición final de la misma en los méritos sin el pago total de dicha deficiencia. En tal caso la persona radicará con su escrito de apelación en el Tribunal de Primera Instancia una petición fundada, exponiendo las razones por las cuales no puede pagar la deficiencia en todo o en parte, y los fundamentos en que se basa para sostener que la apelación envuelve una cuestión sustancial; si el Tribunal de Primera Instancia determinare que la persona no puede pagar la deficiencia, o que sólo puede pagar parte de la misma, y que la apelación envuelve una cuestión sustancial, ordenará en lugar del pago total, según sea el caso,

(A) Que la apelación siga su curso bajo la fianza prestada para acudir al Tribunal de Primera Instancia si ésta fuere suficiente para responder de la deficiencia que en definitiva se determine y de sus intereses; o

(B) que la persona preste una nueva fianza, a satisfacción del tribunal, en cantidad suficiente para responder de la deficiencia y de sus intereses por un período razonable, o

(C) que la persona pague parte de la deficiencia y la parte no pagada se afiance en cualquiera de las formas anteriormente provistas en los incisos (A) y (B) En el caso de una persona que hubiere sido exonerada de prestar fianza para litigar la deficiencia en el Tribunal de Primera Instancia y que demostrare que no puede pagar la patente, ni prestar fianza, si la apelación envuelve una cuestión sustancial, el Tribunal de Primera Instancia dispondrá que la apelación siga su curso hasta la disposición final de la misma en los méritos sin requisito alguno de pago o de prestación de fianza.

(4) Si el Tribunal de Primera Instancia determina que la persona puede pagar la deficiencia, o parte de la misma, o que debe prestar una fianza, la persona deberá proceder al pago de la deficiencia o de la parte determinada, o a prestar la fianza dentro del término de treinta (30) días a partir de la fecha en que fuere notificada de la resolución del Tribunal de Primera Instancia a tales efectos, y el pago de la deficiencia, o de la parte determinada, o la prestación de fianza dentro de dicho término, perfeccionarán la apelación a todos los fines de ley. Si dentro de dicho término de treinta (30) días la persona no efectuare el pago, o no prestare la fianza requerídale, o si habiendo prestado una fianza que no fuere aceptada no prestare otra dentro del término que le concediere el Tribunal de Primera Instancia, el foro apelativo no tendrá facultad para conocer de la apelación en los méritos y será desestimada. Las resoluciones del Tribunal de Primera Instancia dictadas bajo las disposiciones de los párrafos (3) y (4) de este apartado no serán apelables, pero cualquier parte podrá, dentro de diez (10) días a partir de la fecha en que fuere notificada de cualquiera de dichas resoluciones, solicitar revisión de la misma al foro apelativo [...]."

**III**

En su *Moción de Desestimación de Recurso de Apelación por Falta de Jurisdicción,* los Municipios apelados alegan que carecemos de jurisdicción para atender el presente recurso de *Apelación* en sus méritos debido a que Pike Puerto Rico no pagó la totalidad de la deficiencia determinada dentro del término para apelar la sentencia del Tribunal de Primera Instancia, conforme exige en la Sección 16(b)(2) de la Ley Ley Núm. 113 de 10 de junio de 1974, *supra.*

Según expusimos, la Sección 16(a)(9) la Ley Ley Núm. 113 de 10 de junio de 1974, *supra,* dispone que, en los casos en que el Tribunal de Primera Instancia determine que existe una deficiencia, se ordenará la presentación de un cómputo de la patente.

La sentencia del Tribunal de Primera Instancia determinando que existe deficiencia no se considerará final y el término para apelar dicho dictamen no comenzará a transcurrir sino a partir del archivo en autos de la notificación a la persona y

al Director de Finanzas de la resolución del Tribunal de Primera Instancia aprobando el cómputo de la patente. *Íd.*

A su vez, la Sección 16(b)(2) la Ley Ley Núm. 113 de 10 de junio de 1974, *supra*, dispone que, cuando una persona apelare de la sentencia del Tribunal de Primera Instancia determinando una deficiencia, vendrá obligada a pagar la totalidad de la deficiencia así determinada dentro del término para apelar. El incumplimiento de dicho requisito de pago privará al foro apelativo de facultad para conocer de la apelación en sus méritos. *Íd.*

Según reseñamos, en lo pertinente a la controversia ante nuestra consideración, en la *Sentencia* apelada el TPI dispuso lo siguiente:

> "Habiéndose determinado que los municipios demandados tienen autoridad en ley para imponer el cobro de las patentes que fueron impugnadas por Pike, y toda vez que Pike se negó a proveer información sobre sus operaciones y volumen de negocios durante el trámite administrativo ante los municipios demandados, **se ordena a las partes a retomar y culminar los procedimientos administrativos de manera que los municipios de Bayamón, Trujillo Alto y Río Grande puedan calcular y establecer con certeza el volumen de negocios que cada uno de estos debe utilizar como base para computar las respectivas deficiencias contributivas de Pike – de una manera que se ajuste a las disposiciones de la Ley de Patentes Municipales.**"[23] (énfasis suplido).

El 15 de abril de 2024, los Municipios de Bayamón, Trujillo Alto y Río Grande presentaron una *Moción Conjunta sobre Certificación se Deuda Contributiva Municipios Conforme Sentencia Dictada*,[24] acompañada de certificaciones de deudas suscritas por los respectivos Directores de Finanzas de estos Municipios.

En esa misma fecha y en atención a esta moción, el TPI emitió y notificó una *Orden*, mediante la cual dispuso lo siguiente:

> "Nada que proveer en este momento. Se hace constar que la actualización provista por los municipios no se

---

[23] Apéndice de la *Apelación*, pág. 1987. Además, se declaró No Ha Lugar "la solicitud de los referidos municipios para que se le imponga a Pike el pago de las penalidades estatuidas en las Secciones 22 y 25 de la Ley de Patentes Municipales, 21 L.P.R.A. §§ 651u y 651x". *Íd.*

[24] Apéndice de la *Apelación*, págs. 2023-2029.

ajusta a, ni es cónsona con, lo ordenado en la *Sentencia.*"[25]

Examinado el trámite procesal del caso ante nuestra consideración a la luz de la normativa de derecho ante expuesta, determinamos que no tenemos jurisdicción para atender el presente recurso de *Apelación* en sus méritos. Del expediente no surge que exista una determinación del Tribunal de Primera Instancia aprobando el cómputo de la patente, por lo que, conforme a lo dispuesto en la Sección 16(a)(9) la Ley Ley Núm. 113 de 10 de junio de 1974, *supra,* la sentencia apelada no puede considerarse final. Siendo esto así, el término para apelar dicho dictamen no ha comenzado a transcurrir para las partes, por lo que la presentación del presente recurso de *Apelación* resulta prematura. Una vez el foro primario emita la correspondiente *Resolución* de conformidad a la Sección 16(b) de la Ley Núm. 113 de 10 de junio de 1974, *supra,* determinando la deficiencia de la patente o cualquiera de los remedios provistos en dicha disposición se podrá acudir ante nos.

Cabe, además, señalar que del expediente ante nos tampoco surge que Pike Puerto Rico haya efectuado el pago de la deficiencia que le fue notificada por los Municipios apelados. De acuerdo con el inciso (b)(2) de la Sección 16 la Ley Ley Núm. 113 de 10 de junio de 1974, *supra,* tal omisión también nos impide intervenir en el caso de autos.

**IV**

Por los fundamentos expuestos, se desestima el presente recurso de *Apelación* al ser prematuro por falta de jurisdicción.

Notifíquese.

---

[25] Apéndice de la *Apelación,* págs. 2030-2031.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones